# Exhibit 1

<u>***LightHouse et al. v. ADP, Inc. et al.***</u>, **No. 4:20-cv-09020-HSG (N.D. Cal.)**

## SETTLEMENT AGREEMENT

**I.   PARTIES**

The Parties to this Settlement Agreement ("Agreement") and the related and incorporated document entitled Confidential Addendum to Settlement Agreement are: (i) ADP TotalSource, Inc. ("ADP TotalSource" or "ADP"); and (ii) the LightHouse for the Blind and Visually Impaired of San Francisco ("LightHouse"), Erin Lauridsen, and Frank Welte (collectively, "Plaintiffs"), represented by Disability Rights Advocates ("Plaintiffs' Counsel"). This Agreement is deemed effective as of the date of the last signature on the Agreement ("Effective Date").

**II.   RECITALS**

As of the Effective Date, LightHouse contracts with ADP TotalSource for use of the Workforce Now ("WFN") human resources and payroll product.

On September 17, 2020, Plaintiffs filed a Complaint against ADP, Inc. and ADP TotalSource, Inc. (collectively "Defendants") in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-20-586626, in which Plaintiffs allege that Defendants are violating the rights of LightHouse and its blind and visually impaired employees under the California Unruh Civil Rights Act, Cal. Civil Code § 51; California Civil Code § 51.5; and the Unfair Competition Law, California Business & Professions Code §§ 17200 et seq ("the Claims").

On December 16, 2020, Defendants removed the case to the United States District Court for the Northern District of California, where it was assigned Case No. 4:20-cv-09020-HSG, on the basis of diversity jurisdiction.

On January 27, 2021, ADP TotalSource and Plaintiffs (collectively "the Parties") entered into a Structured Negotiations Agreement to provide a framework for the negotiations that have resulted in this Agreement.  The Parties sought, and the Court granted, a stay of litigation pending outcome of the Structured Negotiations.

The Parties have determined that it is in their mutual best interests to resolve all potential claims and disputes between them relating to the Claims, as well as any other claims that could have been brought in the Complaint based on the same underlying facts, and enter into the terms of this Settlement Agreement as set forth below and in the Confidential Addendum to Settlement Agreement executed with this Agreement.

**III.   DEFINITIONS**

"<u>Accessible</u>" (or "<u>Accessibility</u>" or "<u>Access</u>") means that blind and low vision individuals have independent access to the same information and equivalent ease of use of functionalities available to sighted individuals via the Website or Mobile Apps.  For the purpose of this Agreement, "overlay" solutions such as those currently provided by companies such as AudioEye and AccessiBe will not suffice to achieve Accessibility.

"Mobile Apps" means the most recently released version of the ADP Mobile Solutions application provided on iOS[1] and Android[2] mobile devices through which LightHouse employees may access ADP TotalSource's products for which it contracts with ADP TotalSource that are available as of the Effective Date and any versions thereof that may become available during the Term.

"Screen Reader(s)" refers to software that enables individuals who have vision loss to operate computers, smart phones, TVs, and other devices by converting the text displayed graphically on the screen into audible, synthesized speech or outputting that information on a digital braille display.

"Term" means the term of the Agreement as provided in Section X.A.

"WCAG 2.1" means the World Wide Web Consortium's Web Content Accessibility Guidelines version 2.1, Level AA criteria.

"Web Accessibility Expert" means a mutually agreeable third-party consultant with expertise in Accessible web and mobile development and WCAG 2.1 who is retained by ADP for the purpose of accomplishing the requirements of Sections IV and V.A. As of the Effective Date, ADP has retained Deque as the Web Accessibility Expert. Should the need arise to hire a different Web Accessibility Expert during the Term of the Agreement, ADP shall consult with Plaintiffs regarding proposed vendors to take over this role prior to engaging a new Web Accessibility Expert.

"Website" means any portions of the ADP-owned and -controlled website through which LightHouse employees may access ADP's WFN product as of the Effective Date or during the Term of the Agreement. As of the Effective Date, the Website is available at https://workforcenow.adp.com/.

## IV. ACCESSIBILITY IMPROVEMENTS

ADP will engage the Web Accessibility Expert to identify Accessibility barriers throughout the Website and Mobile Apps.

ADP will remediate those Accessibility barriers identified by the Web Accessibility Expert and ensure that the Website and Mobile Apps substantially conform to WCAG 2.1 within two (2) years after the Effective Date, and will achieve the following milestones:

---

[1] As of the Effective Date, the iOS version of the Mobile App is available for download at https://apps.apple.com/us/app/adp-mobile-solutions/id444553167.

[2] As of the Effective Date, the Android version of the Mobile App is available for download at https://play.google.com/store/apps/details?id=com.adpmobile.android.

| Feature/Function[3] | Milestone Deadline for Website Substantial Conformance | Milestone Deadline for Mobile App Substantial Conformance |
|---|---|---|
| Login | 6 months | 6 months |
| Dashboard and Navigation | 6 months | 6 months |
| Profile Screens | 6 months | 6 months |
| Time-off Screens (e.g. Viewing Balance, Requesting & Approving) | 6 months | 6 months |
| Employee Clock In/Out | 6 months | 6 months |
| Pay Screens/Statements | 6 months | 6 months |
| Inbox/Messages | 9 months | 6 months |
| Settings | 9 months | 6 months |
| Benefit Enrollment | March 31, 2022 | March 31, 2022 |
| Talent Screens | 9 months | N/A |
| Documents | 12 months | N/A |
| Total Compensation | 12 months | N/A |
| Forms Library | 12 months | N/A |

The obligations in this Section IV will be considered met when substantial conformance to WCAG 2.1 Level AA is confirmed in writing to ADP TotalSource and Plaintiffs' Counsel by the Web Accessibility Expert.

## V. POLICIES AND PROCEDURES

### A. Website and Mobile App Accessibility Policy.

Within three (3) months of the Effective Date, ADP TotalSource will engage the Web Accessibility Expert to assist in the preparation of a Website and Mobile App Accessibility-related policy and/or procedure, or to review and provide recommendations for its current website Accessibility-related policy and/or procedure so that the policy and/or procedure contains information regarding ADP TotalSource's development and testing processes, including procedures for manual testing, for fixing Accessibility barriers prior to release of updates, and for addressing Accessibility-related bugs discovered post-release in a manner consistent with non-Accessibility-related bugs of the same functional severity. These recommendations, and/or draft of the policy and/or procedure with the recommendations included, will be made in writing and provided to Plaintiffs.

Within one (1) month after receiving the Web Accessibility Expert's recommendations, ADP TotalSource will adopt the Website and Mobile App Accessibility Policy and/or Procedure,

---

[3] The features and functions set out in this table shall not be considered an exhaustive list of those features and functions that must substantially conform with WCAG 2.1.

DocuSign Envelope ID: E70F1AAD-D67E-42F4-AFC1-5D23AD849CFD

which incorporates the Web Accessibility Expert's recommendations. The Website and Mobile App Accessibility Policy and/or Procedure will be provided to Plaintiffs prior to implementation.

      B.     **<u>Customer Service Training.</u>**

ADP TotalSource will provide training to ADP TotalSource employees and agents who provide user-side customer service to LightHouse on how to provide assistance to individuals who use screen readers. This training shall encompass best practices when interacting with people with disabilities and specific instruction on providing technical assistance to screen reader users with respect to ADP TotalSource products and/or escalating to the appropriate subject matter experts. Within six (6) months after the Effective Date, and prior to implementation, ADP TotalSource will provide Plaintiffs its proposed training materials for review. Plaintiffs may provide feedback on the training materials within two (2) weeks of receipt, which ADP will consider in good faith and implement to the extent reasonable. ADP TotalSource will provide Plaintiffs with a copy of the final training materials.

**VI.    MONITORING**

      A.     **<u>Teleconferences.</u>**

Starting three (3) months after the Effective Date and continuing through the Term of the Agreement, every three (3) months ADP TotalSource will provide LightHouse with an update regarding progress on the Accessibility improvements, policies, and procedures required by Sections IV and V of this Agreement. This meeting will be by teleconference between the Parties unless, in advance of a teleconference, ADP TotalSource provides a written update which LightHouse agrees is sufficient in lieu of a teleconference.

In addition, at any time during the Term of the Agreement, any Party may request a teleconference to discuss any matter within the scope of the Agreement. The Parties will schedule the teleconference to occur within two (2) weeks of the request. The Parties will respond in good faith and within a reasonable period of time to reasonable concerns and questions addressed in the teleconferences.

      B.     **<u>Reports.</u>**

Should ADP TotalSource determine that it is not possible to meet one of the deadlines set forth in Section IV, it will provide written notice to Plaintiffs at least one (1) month prior to the stated deadline explaining why it is infeasible to meet the deadline, the steps that have been taken in an effort to meet the deadline, and the expected completion date. This notice may be provided via letter or email so long as the notice includes all information listed in this Section VI.B. Should Plaintiffs not be satisfied with ADP TotalSource's expected completion date, Plaintiffs may proceed to the Dispute Resolution process outlined in Section VII.

**VII.    DISPUTE RESOLUTION**

The Parties agree that Judge Haywood S. Gilliam, Jr. of the U.S. District Court for the Northern District of California shall maintain jurisdiction of this case for enforcement purposes

DocuSign Envelope ID: E70F1AAD-D67E-42F4-AFC1-5D23AD849CFD

for the term of this Agreement, including the resolution of any disputes that arise under this Agreement. Should Judge Gilliam become unavailable, the Parties agree to accept the jurisdiction of any other Judge assigned by the Federal District Court for the Northern District of California for continuing jurisdiction purposes. Any disputes under this Agreement shall be resolved according to the following procedure:

    A.    **Notification in Writing.**

If a Party believes that any other Party has not complied with any provision of the Agreement or Confidential Addendum, that Party shall provide the other Party with a Notice containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of this Agreement or Confidential Addendum that are involved; (iii) a statement of the remedial action sought by the initiating Party; and (iv) a brief statement of the specific facts, circumstances and legal argument supporting the position of the initiating Party.

    B.    **Response.**

Within thirty (30) days of receipt of a Notice provided pursuant to Section VII.A, the non-initiating Party shall respond to the initiating Party in writing.

    C.    **Meet and Confer.**

Within two weeks after the response described in Section VII.B, the Parties shall informally meet and confer and attempt to resolve the issues raised in the Notice.

    D.    **Submission to Mediation.**

If the matters raised in a Notice provided pursuant to Section VII.A are not resolved within forty-five (45) days of the initial meet and confer required by Section VII.C, either Party may submit the unresolved matters to nonbinding mediation before a mutually agreed upon mediator affiliated with Judicial Arbitration & Mediation Services ("JAMS"), or such other mediator as the Parties may jointly designate.

    E.    **Submission to the Court.**

If mediation fails to resolve the matter, either Party may submit the dispute for binding resolution by the Federal District Court for the Northern District of California under the Court's continuing jurisdiction over this case. Plaintiffs may seek to recover reasonable fees and costs in connection with proceedings under this step according to the standard set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

**VIII. RELEASE AND WAIVER**

    A.    Upon execution of this Agreement, Plaintiffs, for themselves and their heirs, executors, related persons, partnerships, corporations, or other entities and their predecessors, successors, successor owners, parents, subsidiaries, affiliates, assigns, transferees, agents, directors, officers, shareholders, insurers and attorneys ("Plaintiff Releasors") hereby release and

DocuSign Envelope ID: E70F1AAD-D67E-42F4-AFC1-5D23AD849CFD

forever discharge ADP TotalSource, and each of its related persons, partnerships, corporations, or other entities and their predecessors, successors, successor owners, parents, subsidiaries, affiliates, assigns, transferees, agents, directors, officers, employees, shareholders, insurers and attorneys ("Releasees"), from and against all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether now known or unknown, that the Plaintiffs now have or may have had, or hereafter claim to have or have had, against Releasees at any time before and including the Effective Date, specifically arising out of or relating to the factual allegations set out in the Complaint, and the Accessibility of the Website and Mobile Apps ("Released Claims").

      B.      The provisions of any state, federal, local, or territorial law or statute providing expressly or in substance that releases shall not extend to claims, injuries, or damages which are unknown or unsuspected to exist at the time are expressly waived by Plaintiff Releasors. This Section constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff Releasors are deemed to understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.

## IX. COVENANT NOT TO SUE

      A.      Plaintiffs covenant and agree not to file any suit, charge, or action against Releasees alleging violations of federal or state law, including but not limited to the Claims, violations of the Americans with Disabilities Act, and state disability discrimination laws relating to the Accessibility of the ADP TotalSource Website or Mobile Apps for the Term of the Agreement.

      B.      During the Term of the Agreement, if Plaintiffs believe that an ADP TotalSource product or service that is not covered by this Agreement is not Accessible, Plaintiffs shall notify ADP TotalSource in writing describing the alleged failure. ADP TotalSource shall respond to the Notice in writing within thirty (30) days of its receipt and shall describe the steps that ADP TotalSource will take, if any, or request a reasonable extension of time within which to provide such a description. Only if and after ADP TotalSource fails to respond to Plaintiffs' Notice within thirty days of receipt, or Plaintiffs are dissatisfied with ADP TotalSource's description and the Parties have met and conferred to discuss the matter, Plaintiffs may file an action, claim, or suit, or request Structured Negotiations seeking any remedies available to Plaintiffs under applicable law. ADP TotalSource may oppose that action, claim or suit, or reject the invitation

DocuSign Envelope ID: E70F1AAD-D67E-42F4-AFC1-5D23AD849CFD

for Structured Negotiations. Plaintiffs agree that they will not file suit until this Notice has been provided and ADP TotalSource has had the time to respond specified in this Section.

       C.       During the Term of the Agreement, LightHouse will not encourage, aid, or assist any of its employees in filing an action, charge or suit against ADP on the basis of the Accessibility of its Website or Mobile Applications. Plaintiffs and their counsel each represent and warrant that none of them is aware of any LightHouse employee, any other potential plaintiff, or any attorney who intends to make demands or bring litigation based on the Claims, underlying facts, or subject matter of the Agreement.

       D.       After the Term of the Agreement, if Plaintiffs believe that ADP TotalSource has failed to make the Accessibility Improvements required by Section IV of the Agreement, Plaintiffs shall notify ADP TotalSource in writing describing the alleged failure. Such Notice shall be deemed to include a demand to immediately cure the alleged failure. ADP TotalSource shall respond to the Notice in writing within thirty (30) days of its receipt and shall describe the steps that ADP TotalSource will take, if any, to cure the failure, or request a reasonable extension of time within which to provide such a description. Only if and after ADP TotalSource fails to respond to Plaintiffs' Notice within thirty days of receipt, or Plaintiffs are dissatisfied with ADP TotalSource's description and the Parties have met and conferred to discuss the matter, Plaintiffs may file an action, claim, or suit, or request Structured Negotiations seeking any remedies available to Plaintiffs under applicable law. ADP TotalSource may oppose that action, claim or suit, or reject the invitation for Structured Negotiations. Plaintiffs agree that they will not file suit until this Notice has been provided and ADP TotalSource has had the time to respond specified in this Section.

**X.**       **OTHER TERMS**

       A.       **<u>Term of the Agreement.</u>**

This Settlement Agreement shall commence on the Effective Date and continue in force until three (3) years after the Effective Date.

       B.       **<u>Entire Agreement; Amendment.</u>**

The Agreement and Confidential Addendum constitute the entire agreement of the Parties relating to the subject matters addressed in it and the Confidential Addendum. Any amendment must be in writing and signed by all Parties.

       C.       **<u>Execution.</u>**

Each Party and Plaintiffs' Counsel shall sign one copy of this document and each such copy shall be considered an original. This document may be executed in counterparts and facsimile and electronic signatures shall be accepted as original.

DocuSign Envelope ID: E70F1AAD-D67E-42F4-AFC1-5D23AD849CFD

### D. **Construction.**

Each Party has reviewed and participated in the drafting of this Agreement; and any rule of construction to the effect that ambiguities are construed against the drafting Party shall not apply in the interpretation or construction of this Agreement. Section titles and headings are intended for reference purposes only and are not to be construed as part of the Agreement.

### E. **Binding on Successors.**

This Agreement shall bind any assigns and successors of the Parties, who have the right to implement the actions required. This Agreement is for the benefit of the Parties only and no other person or entity shall be entitled to rely on it, receive any benefit from it, or enforce against any Party any provision of it. The Parties specifically intend that there be no third party beneficiaries to this Agreement.

### F. **Force Majeure.**

The performance of ADP TotalSource under this Agreement shall be excused during the period and to the extent that such performance is rendered impossible, impracticable or unduly burdensome due to acts of God, strikes or lockouts, unavailability of parts, equipment or materials through normal supply sources, security threat, or any other event of force majeure. If ADP TotalSource seeks to invoke this Section, it shall notify Plaintiffs in writing as soon as reasonably practicable, specifying the particular action(s) that could not be performed and the specific reason for non-performance. Plaintiffs' Counsel and ADP TotalSource will thereafter meet and confer regarding an alternative schedule for completion of the action that could not be performed, or an alternative action. Any dispute regarding the applicability of this Section, or any future action to be taken, that remains after the meet and confer session will be handled as a dispute pursuant to Section VII of this Agreement.

### G. **Waiver; Severability.**

No waiver of any breach of any provision of this Agreement shall constitute a waiver of any prior, concurrent or subsequent breach of such provision or any other provisions and no waiver shall be effective unless made in writing. The paragraphs and provisions of this Agreement are severable. In the event that any provision of this Agreement shall be determined to be illegal or otherwise unenforceable, such provision shall be severed and the balance of the Agreement shall continue in full force and effect.

### H. **Modification Based on Change of Law or Regulations.**

If, after the Effective Date, either Party believes that there is a change in any applicable law or regulation which requires a modification of this Agreement because it imposes an obligation that is contradictory to the obligations provided in this Agreement, the Party shall notify the other Party in writing. The notification will include the way in which the Party contends the Agreement should be modified as a result of the change in law or regulation. The proposed modification will become effective thirty (30) days after such notification unless the other Party objects in writing to the proposed modification. In the event of a disagreement

between the Parties over the appropriate modifications to the Agreement as contemplated by this Section, the Parties shall meet and confer and shall work together in good faith to resolve the disagreement. Failure to reach agreement during such meet and confer shall be considered a dispute to be resolved pursuant to Section VII.

### I.     No Other Representations.

Each Party warrants that it/they is/are acting upon its or their independent judgment and upon the advice of its/their own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by the other Party, other than the warranties and representations expressly made in the Agreement.

### J.     No Admission of Liability; Effect of Settlement.

Neither this Agreement nor any act performed or document provided or executed pursuant to or in furtherance of the Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims or of any wrongdoing or liability of ADP TotalSource; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of ADP TotalSource in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, except as necessary in a proceeding under Section VII of the Agreement. ADP TotalSource may file the Agreement in any action that may be brought against it to attempt to support any defense or counterclaim.

### K.     Publicity Regarding This Agreement and Its Terms.

The Parties will work together to draft and issue, on or about November 1, 2021, and only after formal approval by both Parties, a joint press release announcing this Agreement. Public statements relating to the announcement shall be consistent with the joint press release, and with respect to any such statements LightHouse will use reasonable efforts to provide ADP with reasonable advance notice. Neither Party will proactively reach out to any press sources to make any separate statements.

Plaintiffs Welte and Lauridsen agree not to make any disparaging comments about ADP with respect to the subject matter of the Agreement in public statements. LightHouse agrees not to make any authorized disparaging comments to the public about ADP with respect to the subject matter of the Agreement. Comments regarding non-compliance with this Agreement that are made in good faith shall not be considered disparagement; however, Plaintiffs agree to make no such comments publicly without first informing ADP and providing ADP with an opportunity to respond. ADP will not make any authorized disparaging comments to the public about LightHouse with respect to the subject matter of the Agreement.

### L.     Notice or Communication to Parties.

Any notice or communication required or permitted to be given to the Parties shall be given in writing by e-mail, addressed as follows:

DocuSign Envelope ID: E70F1AAD-D67E-42F4-AFC1-5D23AD849CFD

To: Plaintiffs:

    Meredith J. Weaver
    Staff Attorney, Disability Rights Advocates
    2001 Center St., 4th Flr., Berkeley, CA 94704
    (510) 426-6834 (Tel)
    (510) 665-8511 (Fax)
    mweaver@dralegal.org

To: ADP TotalSource:

    Kristina Launey
    Seyfarth Shaw LLP
    400 Capitol Mall, Suite 2350
    Sacramento, CA 95814
    klauney@seyfarth.com

    Kevin Skelly
    Senior Counsel, ADP
    kevin.skelly@adp.com

**[*Signature Page Follows*]**

DocuSign Envelope ID: E70F1AAD-D67E-42F4-AFC1-5D23AD849CFD

**[*Signature Page (1 of 1) for Settlement Agreement*]**

|  |  |
|---|---|
|  | LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED OF SAN FRANCISCO |
| Date: October 21, 2021 | By: *Bryan Bashin*   Bryan Bashin |
| Date: October 22, 2021 | *Erin Lauridsen* <br> ERIN LAURIDSEN |
| Date: October 21, 2021 | *Frank Welte* <br> FRANK WELTE |
|  | ADP TOTALSOURCE, INC. |
| Date: | By: |

**[*Signature Page (1 of 1) for Settlement Agreement*]**

LIGHTHOUSE FOR THE BLIND AND
VISUALLY IMPAIRED OF SAN
FRANCISCO

Date: _____

By: _____

Date: _____

_____
ERIN LAURIDSEN

Date: _____

_____
FRANK WELTE

ADP TOTALSOURCE, INC.

Date: _____

*Barry Eisler* (DocuSigned by: 7AC1460AD38E45A...)

By: _____